UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEANA DUTCHER, § | | |
|     Plaintiff § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 3:14-cv-2195 | |
| § | | |
| RIEXINGER & ASSOCIATES, LLC § | | |
| § | JURY DEMAND | |
|     Defendant § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Deana Dutcher, Plaintiff in the above-numbered and styled case, complaining of and against Riexinger & Associates, LLC., and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et. seq.* (hereinafter "TDCA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices which prohibits deceptive acts or practices in the conduct of any trade or commerce.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claim is afforded by 28 U.S.C. § 1367. Venue in this district is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.  Plaintiff, Deana Dutcher, is an individual residing at 512 Lake Crest Parkway, Azle, Texas 76020.

4.  Defendant Riexinger & Associates, LLC. (hereinafter "Defendant") is a corporation engaged in the business of collecting debts in this state with their principal place of business located at 3100 Breckinridge Blvd, Suite 722, Duluth, Georgia 30096. The principal purpose of Defendant is the collection of debts using the telephone and mail, and the Defendant regularly attempts to collect debts alleged to be due another. Defendant may be served by serving the Texas Secretary of State since it does not maintain a registered agent in the State of Texas.

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code § 392.001(6). Defendant is a "third-party debt collector" under Tex. Fin. Code § 392.001(7).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692(a)(3) and Tex. Fin. Code § 392.001(1).

### IV.  FACTUAL ALLEGATIONS

7.  Defendant contacted Plaintiff to collect a debt allegedly owed by her estranged son in law, Ahmed Anis.

8.  On or about June 5, 2013, Defendant left a debt collection message for Ahmed Anis on Plaintiff's home answering machine.  The next day, Plaintiff called Defendant and spoke with a woman who goes by "Ms. Bowser."  Plaintiff informed

Defendant that Mr. Anis did not reside with the Plaintiff, that Plaintiff was not in contact with Mr. Anis, and that the Plaintiff did not have a good relationship with Mr. Anis.

9. Defendant asked Plaintiff whether she had any means of communicating with Mr. Anis, possibly through Plaintiff's daughter.

10. Plaintiff informed Defendant that Plaintiff's daughter is mentally ill and that Plaintiff was not willing to share her daughter's cell phone number with the Defendant.

11. Defendant requested that Plaintiff give a message to Plaintiff's daughter that Defendant is attempting to reach Mr. Anis. In response, Plaintiff said she would not be Defendant's messenger, in part because she feared that her daughter would take the message as "bad news" and subsequently punish Plaintiff by denying her access to her grandson.

12. Defendant persisted in demanding that Plaintiff relay a message through her daughter to Mr. Anis and that Plaintiff provide Defendant with the cell phone number so that Defendant could attempt to reach Mr. Anis through Plaintiff's daughter. Defendant went so far as to state "… give me her phone number and I won't tell her you gave it to me."

13. Defendant continued to interrogate Plaintiff for different ways to get in touch with Mr. Anis, over Plaintiff's objection that she did not want to get involved because her daughter "is mentally ill and that would be a problem for her."

14. Defendant questioned, "Who else in the family speaks with them?" Plaintiff clearly responded, "Nobody," and stated she did not know how Defendant even came to have Plaintiff's telephone number as a means of reaching Mr. Anis.

15. Plaintiff informed the Defendant, "I just wanted to let you all know that this isn't his number."

16. Having received no information from Plaintiff on how to reach Mr. Anis, Defendant stated, "OK, well, we'll go ahead and forward the information to our attorneys and have them investigate it a little bit more."

17. On June 20, 2013, Defendant called Plaintiff at 8:40 a.m. and again just one minute later, and left an automated debt collection message for Ahmed Anis on Plaintiff's home answering machine.

18. Defendant called Plaintiff on June 21, 2013 at 1:20 p.m. and left another debt collection message for Ahmed Anis on Plaintiff's home answering machine.

19. Defendant called Plaintiff a second time on June 21, 2013, this time at 5:24 p.m. and left a debt collection message for Ahmed Anis on Plaintiff's home answering machine.

20. Defendant called Plaintiff on June 26, 2013, at 11:43 a.m. and again one minute later at 11:44 without leaving a message. On the very same day, Defendant called Plaintiff at 2:14 p.m. and left a debt collection message for Ahmed Anis on Plaintiff's home answering machine.

21. Despite the telephone exchange of June 6, 2013, Defendant called Plaintiff on her home telephone no less than nine times in the three weeks that followed.

22. In response to Defendant's persist debt collection messages for Ahmed Anis on Plaintiff's home answering machine, Plaintiff called Defendant on June 27, 2013. A collector who goes by the name "Michael" answered Plaintiff's call, wherein

she requested, once again, that Defendant stop calling her home in order to locate Mr. Anis or to collect his debt.

23. Defendant again requested that Plaintiff relay a message to Mr. Anis through her daughter.

24. Plaintiff insisted that she does not talk to her son-in-law and has no telephone number for him. Defendant persisted, "I'm sure your daughter may be in contact with him, right?" In response, Plaintiff reiterated her conversation of June 6, 2013 and said she would shield her mentally ill daughter by not relaying any message on behalf of Defendant.

25. Plaintiff insisted she did not want to get involved and added that receiving phone calls from Defendant has been stressful. Defendant interrogated Plaintiff, "In what are you getting involved? And what is exactly is stressful? [audible chuckle] I'm not really following you. [audible chuckle]"

26. Plaintiff reiterated that getting collection calls for someone else is stressful and that her daughter has mental problems. Plaintiff insisted she did not want to relay messages to her daughter.

27. In response, Defendant berated Plaintiff by stating, "Doing the right thing is completely a … gosh, what's the way of saying this… it's a subjective thing. So, withholding the information, in your mind, might be, might be the right thing to do; while in my mind, you know, getting the message to her husband might be the right thing to do."

28.   Defendant accused Plaintiff of harming her daughter's interests by stating, "That's your daughter, um, you know, keeping her blind is not going to help them."

29.   Despite Plaintiff's multiple notifications to Defendant that Ahmed Anis does not reside with her, that he cannot be reached at Plaintiff's home telephone number, and that Plaintiff does not have his telephone number, Defendant persisted in calling Plaintiff's home on multiple occasions through August, 2013.

30.   As a result of Defendant's debt collection activity, Plaintiff has suffered frustration, anxiety and emotional distress.

## V. AGENCY AND RESPONDEAT SUPERIOR

31. Ms. Bowser and Michael, the collectors at the Riexinger & Associates, LLC were employees and agents of Defendant, acting within the course and scope of their employment, under the direct supervision and control of Defendant and their actions are imputed to their employer, Defendant Riexinger & Associates, LLC.

## VI.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

32.  Plaintiff incorporates paragraphs 1-31 above.

33.  Defendant violated the FDCPA by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

34.  Defendant violated the FDCPA by continuously calling Plaintiff with the intent to harass, annoy and abuse Plaintiff in violation of 15 U.S.C. § 1692d(5).

35.   As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VII. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT

36. Plaintiff incorporates paragraphs 1-31 above.

37. Defendant violated the TDCA by continuously calling Plaintiff with the intent to harass Plaintiffs in violation of Tex. Fin. Code § 392.302(4).

38. As a result of these violations of the TDCA, Defendant is liable to the Plaintiffs for actual damages, statutory damages, and costs and attorney's fees.

## VIII. JURY DEMAND

40. Plaintiff demands a jury trial.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

C.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) including fees in the event of appeal; and

D.   Such other and further relief as may be just and proper.

Respectfully submitted,

/s/  Dana Karni
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
4635 Southwest Freeway, Suite 645
Houston, Texas 77027
Telephone: (713) 552-0008
Facsimile: (713) 454-7247
DKarni@TexasConsumerDebt.com
ATTORNEY FOR PLAINTIFF

LOCAL COUNSEL:
/s/ Sharon K. Campbell
Sharon K. Campbell
State Bar # 03717600
3500 Oak Lawn Ave., Suite 205
Dallas, Texas 75219
Telephone: 214/351-3260
Fax: 214/443-6055
Sharon@SharonKCampbell.com